IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 MAR 28   AM 10: 33

N.D. OF ALABAMA

**ANDRE THYRATRON,**

      Plaintiff,

**vs.**

**RICHARD A. BRETTELL,**
**As District Director, United States Department**
**of Labor, Office of Workers'**
**Compensation Programs,**

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**ENTERED**
**MAR 2 8 2002**

Civil Action Number

**01-C-3067-S**

### MEMORANDUM OPINION GRANTING MOTION TO DISMISS

In this pro se action, Plaintiff Andre Thyratron seeks relief under the Federal Employees'

Compensation Act, 5 U.S.C. § 8101 *et seq.*("FECA").  He alleges that

> [i]n a January 23, 1974 decision, the Office found that appellant had a temporary total
> disability due to an employment-related emotion condition, retroactive to August 28,
> 1969.  In its fourth decision, dated September 3, 1974 the Board affirmed the Office's
> January, 1974 decision.  The Defendant refuse [sic] to pay the Plaintiff monetary benefits
> pursuant to 5 U.S.C. § 8105 of the Federal Employees' Compensation Act.

(Complaint ¶ 3.)

The Court has judicially noted that over the last fifteen years, Plaintiff has made the same

claims in no fewer than five other cases against the Department of Labor and its officials, some

of which have been adjudicated on the merits.

For the reasons which follow, the Court will grant Defendant's Motion to Dismiss.

I.

The Court lacks subject matter jurisdiction over Plaintiff's claims.  Under FECA, the

action of the Secretary of Labor or his designee in denying a claim is "final and conclusive for all purposes and with respect to all questions of fact or law; and ... not subject to review by ... a court by mandamus or otherwise." 5 U.S.C. § 8128(b).

The Court thus clearly lacks jurisdiction over Plaintiff's claims. Under no conceivable set of rational allegations can Plaintiff state a cause of action against these Defendants in this court. Plaintiff has not alleged constitutional claims or that the Secretary has violated a clear statutory mandate. *Woodruff v. United States*, 954 F.2d 634 (11th Cir. 1992); *Noble v. United States*, 216 F.3d 1229 (11th Cir. 2000).

II.

Even if the jurisdictional barrier could miraculously be overcome by Plaintiff, his claims are independently barred by the doctrine of *res judicata*. The Eleventh Circuit has noted that under Alabama Law, the elements of res judicata are 1) a prior judgement on the merits, 2) rendered by a court of competent jurisdiction, 3) substantial identity of the parties, and 4) identical causes of action presented in both actions. *NAACP v. Hunt*, 891 F.2d 1555 (11th Cir. 1990).

All of the *res judicata* elements are abundantly met in this case. It serves no useful purpose here to engage in extended discussion on the issue.

By separate order, Defendants' Motion to Dismiss will be granted.

Done this _____26th_____ day of March, 2002.

_____
Chief United States District Judge
U.W. Clemon